CLAIRDALE ENTERPRISES, INC., Plaintiff,

v.

C. I. REALTY INVESTORS et al., Defendants.

No. 75 Civ. 4227.

United States District Court, S. D. New York.

June 21, 1976.

Shea, Gould, Climenko, Kramer & Casey, New York City, for plaintiff; Sheldon D. Camhy, Tom P. Dickerson, New York City, of counsel.

Davis, Polk & Wardwell, New York City, for defendants; Richard E. Nolan, Mark L. Austrian, Lawrence H. Lissitzyn, New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Clairdale Enterprises, Inc. has brought this action against C. I. Realty Investors (CIRI), a Massachusetts business trust created under a Declaration of Trust of November 10, 1971, and trustees of CIRI for alleged violation of Section 14(a) of the Securities Exchange Act, 15 U.S.C. § 78n(a), and similar provisions of state law. The defendants have moved to dismiss various paragraphs of the complaint for failure to comply with rules of pleading and plaintiff has cross-moved for an order compelling discovery. I find that the plaintiff has pleaded its claim of fraud with sufficient particularity to survive a motion to dismiss for vagueness and grant the motion for discovery pursuant to that claim. I also find, however, that plaintiff has not made the requisite demand on shareholders of CIRI and therefore grant a dismissal of the derivative claim of the complaint.

Defendants have first moved to dismiss paragraph 21(ii) of the amended complaint on the grounds that the allegations contained therein are insufficiently precise to satisfy the requirement of Rule 9(b) that averments of fraud be stated with particularity. That paragraph alleges that a quarterly report included in a proxy statement issued by defendants misstates the value of CIRI's assets because the reserve for possible mortgage losses stated therein does not provide for

"additional losses of many million more dollars on various real estate apartment properties including several which have had a negative cash flow every year since they were acquired in 1972 and in which CIRI's equities are almost worthless, although carried at substantial amounts on CIRI's books."

Defendants contend that failure to specify the properties referred to and the manner in which they became "worthless" requires dismissal of this paragraph of the complaint. On the facts of this case, the motion is denied.

The particularity requirement of Rule 9(b) does not stand isolated from the remainder of the Federal Rules. It must be read in conjunction with Rule 8(e), which requires that pleadings be "simple, concise, and direct" and Rule 8(f), which requires that pleadings be construed so "as to do substantial justice." In the instant case, the information alleged to be vital to a proper complaint is uniquely in the hands of defendants themselves. "Substantial justice" militates against dismissal of federal securities claims on the grounds of insufficient particularity where the precise information that constitutes the alleged fraud is known only to insiders of the corporation. To do otherwise would vitiate the effect of those laws. See 5 C. Wright & A. Miller, Federal Practice and Procedure § 1298.

Consistent with the purposes of Rule 9(b) to prevent unsupported allegations of fraud detrimental to defendants' reputations, *Segal v. Gordon*, 467 F.2d 602, 607 (2d Cir. 1972), provide notice to defendants, *Felton v. Walston & Co.*, 508 F.2d 577 (2d Cir. 1974), and avoid strike suits, *Segan v. Dreyfus Corp.*, 513 F.2d 695 (2d Cir. 1975), complaints have been dismissed based on securities law violations which included only vague and conclusory factual allegations of fraud. An examination of the complaint reveals that such is not the case here.

Defendants are surely on notice as a result of paragraph 21(ii) that plaintiff alleges that the value at which real estate equity investments were carried on the trust's balance sheet was false and misleading in that those figures reflected substantial values for a number of properties that were virtually worthless and produced negative cash flow. This is not an assertion so vague as to prevent preparation of an adequate defense if one exists. It explains why the properties are deemed to be worthless and how that alleged fact was concealed from shareholders.

Nor can the plaintiff be considered as a proper candidate for a strike suitor. Plaintiff was, at last count, the second largest shareholder of CIRI, holding in excess of 50,000 shares with a market value of about $130,000.

Finally, it appears that plaintiff has made a good faith effort to utilize, in pleadings and subsequent affidavits, that information concerning defendants to which plaintiff has had access. Defendants thus have attacked only one subparagraph of plaintiff's lengthy complaint for reasons of insufficient particularity. Even with respect to that subparagraph, Maurice Clairmont, president of the plaintiff corporation, has submitted affidavits setting forth the facts from which it has been inferred that specific properties held by CIRI generate negative cash flow or are otherwise worthless. None of the cases relied upon by defendants in support of their motion combines these elements. Rather, the complaints in those cases either contained wholly conclusory statements without suggesting how those conclusions were derived, see, e. g., *Goldberg v. Shapiro*, CCH Fed.Sec.L. Rep. [1974–75 Transfer Binder] ¶ 94,813 (S.D.N.Y.1974); *Felton v. Walston & Co.*, supra, or could have been supplemented by additional information in the hands of plaintiff, see, e. g., *Segan v. Dreyfus Corp.*, supra.

In order to comply with defendant's demand that specific "worthless" properties be designated, as well as for preparation of trial, plaintiff has cross-moved, pursuant to Rule 37(a), for an order compelling discovery of certain documents that defendants have refused to produce. Defendants have objected to requests to produce all documents and statements relating to the

positive or negative cash flow of each CIRI apartment complex for fiscal years 1972–1975, the equity of CIRI in each such property, and the valuation of the properties on the grounds that these requests are overly broad and are irrelevant to this action.

■ Since I have found a sufficient basis for concluding that the allegations in paragraph 21(ii) of the complaint satisfy the requirements of particularity, documents that would help to identify more specifically the properties in question and reveal the extent of the income generated by these properties are most germane to this litigation. Defendants are in a somewhat inconsistent position in arguing that the complaint is insufficiently explicit while denying plaintiff access to records that would identify those properties with greater particularity. The existence of some properties that produced negative cash flow has been admitted in CIRI's annual reports. Thus, even a stringent reading of discovery rules would warrant an order that defendants produce records relating to apartments that have produced negative cash flow during the period covered in the complaint. Moreover, since the complaint is framed in terms of "almost worthless" properties and misstated values of apartment properties, the cash flow of all of CIRI's apartments is clearly "relevant to the subject matter involved" in this suit. See *Mallinckrodt Chemical Works v. Goldman, Sachs & Co.,* 58 F.R.D. 348 (S.D.N.Y.1973).

Under the broad interpretation of discovery rules that has been fostered by the 1970 Amendments to Rule 34, plaintiff is also entitled to those documents that relate to the valuation of CIRI properties. The essence of paragraph 21 of the complaint is that defendants have materially overstated the value of CIRI's real estate equity assets in the balance sheet. Manifestly, the value at which each of CIRI's properties has been appraised and documents supporting those appraisals is relevant to a determination of the validity of plaintiff's claim. Thus, the motion to compel discovery is granted.

Defendants further move to dismiss plaintiff's derivative action for failure to allege with particularity the efforts made to obtain the desired result through shareholder action. Fed.R.Civ.P. 23.1. Plaintiff concedes that no such steps have been taken, but maintains that Rule 23.1 requires such efforts only when "necessary," and that the requisite necessity is lacking here because such a demand would be burdensome to plaintiff and would place control of the action in the hands of the very defendants being sued.

Defendants argue that Massachusetts law governs the question of "necessity" and that under that law, plaintiff could proceed only after demanding unsuccessfully that the other shareholders attempt to rectify the wrongs at issue. Plaintiff contends, however, that its derivative claim is based on violations of federal securities laws which federal courts have been empowered to enforce free from the limitations of state law. See *J. I. Case Co. v. Borak*, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1963). According to plaintiff, it would be inconsistent with the broad remedial powers of the federal courts in this area to insist upon strict adherence to state requirements for demand on shareholders in order to vindicate a federal right.

■ The view that the substantive law that creates the cause of action also governs the procedural requirement of a demand on shareholders is not without support. See 7A C. Wright & A. Miller, supra, at § 1832. This case, however, reveals the confusion that may ensue from such a rule. Here, plaintiff has combined state and federal claims in the paragraphs of the complaint at issue, and while independent federal standards for excusing the demand might be satisfied by plaintiff's allegations of expense and futility, it is less probable that the Massachusetts standard would be. Perhaps it is for this reason that the Court of Appeals for this Circuit has interpreted the term "necessary" in Rule 23.1 to refer to the requirements of the law of the state of incorporation concerning the need for a demand on shareholders, even in cases based on federal securities laws. See *Brody v. Chemical Bank*, 482 F.2d 1111 (2d Cir.

1973); *Jones v. Equitable Life Assurance Society of the United States,* 409 F.Supp. 370 (S.D.N.Y.1975). Thus, plaintiff cannot successfully contend that state law is frustrating federal rights, for, in this Circuit, assertion of the federal right specifically incorporates the requirements of state law.

■ It is not disputed that under the relevant Massachusetts law, a derivative plaintiff is required to make a demand on shareholders prior to institution of his own action. *Pomerantz v. Clark,* 101 F.Supp. 341 (D.Mass.1951). Apparently Massachusetts recognizes two exceptions to the shareholder demand requirement, neither of which is alleged in plaintiff's complaint. See *Pomerantz v. Clark,* supra. Rather, the complaint asserts that failure to comply with the demand requirement is justified since any shareholder action would place the action in the control of the defendants. This excuse has not been recognized in Massachusetts and has been rejected in federal courts applying Massachusetts law. See *Jones v. Equitable Life Assurance Society,* supra.

■ In affidavits submitted in opposition to defendants' motion to dismiss, plaintiff further alleges that it would be unduly burdensome for it to notify and educate CIRI's 8000 shareholders spread throughout the country concerning the purposes of this action. Plaintiff therefore requests that a grant of defendants' motion to dismiss the derivative claim be contingent upon an order that CIRI mail to its shareholders with its next communication a copy of the derivative complaint accompanied by a letter from plaintiff soliciting their support and vote for pursuing the action. The claim that notification of 8000 shareholders is an undue burden would, if accepted, eliminate the notification requirement in any action against a large public corporation. There is no indication that such a result was intended under the federal rules or under Massachusetts law. Furthermore, on the present record it is not apparent that plaintiff would be financially foreclosed from pursuing this action if it had to make a demand personally upon other shareholders rather than through the use of defendants' facilities. Thus, defendants' motion to dismiss the derivative claim is granted, but leave is allowed to plaintiff to replead in compliance with Rule 23.1. Pending a showing by plaintiff that it is financially foreclosed from making the required demand, plaintiff's request that CIRI be ordered to enclose statements from plaintiff in the next communication to CIRI shareholders is denied.

So ordered.