Jack **GREEN, Individually and as Trustee, Stanley Simon Trustee, and Norma Evans, Plaintiffs,**

v.

**NUVEEN ADVISORY CORP., John Nuveen and Co., Inc., Richard J. Franke, Donald E. Sveen, Nuveen Massachusetts Premium Income Municipal Fund, Nuveen Insured Municipal Opportunity Fund, Inc., Nuveen Insured Premium Income Municipal Fund, Inc., Nuveen Premium Income Municipal Fund 2, Inc., Nuveen Insured Premium Income Municipal Fund 2, Nuveen Premium Income Municipal Fund 4, Inc., Defendants.**

**No. 97 C 5255.**

United States District Court, N.D. Illinois, Eastern Division.

March 30, 1999.

Marvin Alan Miller, Jennifer Winter Sprengel, Miller, Faucher, Cafferty and Wexler, L.L.P., Chicago, IL, for Jack Green, Stanley Simon and Norma Evans.

James Kevin McCall, James L. Thompson, Jeremy M Taylor, Jenner & Block, Chicago, IL, John J. Curtin, Jr., Bingham, Dana & Gould, Boston, MA, Robert E. Juceam, Fried, Frank, Harris, Shriver & Jacobson, Washington, DC, Matthew Tuttle, Perkins, Smith & Cohen, Boston, MA, for Nuveen Advisory Corp.

John J. Curtin, Jr., Bingham, Dana & Gould, Boston, MA, Robert E. Juceam, Fried, Frank, Harris, Shriver & Jacobson, Washington, DC, Matthew Tuttle, Perkins, Smith & Cohen, Boston, MA, for John Nuveen & Co., Inc.

James Kevin McCall, James L. Thompson, Jeremy M. Taylor, Jenner & Block, Chicago, IL, John J. Curtin, Jr., Bingham, Dana & Gould, Boston, MA, Robert E. Juceam, Fried, Frank, Harris, Shriver & Jacobson, Washington, DC, Matthew Tuttle, Perkins, Smith & Cohen, Boston, MA, for Richard J. Franke.

John J. Curtin, Jr., Bingham, Dana & Gould, Boston, MA, Robert E. Juceam, Fried, Frank, Harris, Shriver & Jacobson, Washington, DC, Matthew Tuttle, Perkins, Smith & Cohen, Boston, MA, for Donald E. Sveen.

James Kevin McCall, James L. Thompson, Jeremy M Taylor, Jenner & Block, Chicago, IL, Paul Buscher Uhlenhop, Michael Eric Wise, Lawrence A. Rosen, David Lawrence Reich, Paul Michael Weltlich, Lawrence W.

Page, Lawrence, Kamin, Saunders & Uhlenhop, Chicago, IL, John J. Curtin, Jr., Bingham, Dana & Gould, Boston, MA, Daniel E. Loeb, Robert E. Juceam, Fried, Frank, Harris, Shriver & Jacobson, Washington, DC, for Nuveen Massachusetts Premium Income Municipal Fund.

Paul Buscher Uhlenhop, Michael Eric Wise, Lawrence A. Rosen, David Lawrence Reich, Paul Michael Weltlich, Lawrence W. Page, Lawrence, Kamin, Saunders & Uhlenhop, Chicago, IL, John J. Curtin, Jr., Bingham, Dana & Gould, Boston, MA, Daniel E. Loeb, Robert E. Juceam, Fried, Frank, Harris, Shriver & Jacobson, Washington, DC, Matthew Tuttle, Perkins, Smith & Cohen, Boston, MA, for Nuveen Insured Municipal Opportunity Fund, Inc., Nuveen Insured Premium Income Municipal Fund, Inc., Nuveen Premium Income Municipal Fund 2, Inc., Nuveen Insured Premium Income Municipal Fund 2 and Nuveen Premium Income Municipal Fund 4, Inc.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiffs brought this action on behalf of themselves and other common stockholders alleging that the defendants violated sections 8(e), 34(b), 36(a), and 36(b) of the Investment Company Act [the "ICA"], as well as state law. Plaintiffs move for certification of plaintiff and defendant classes. Defendants move to deny class certification and to dismiss the complaint on various grounds. For the following reasons, defendants' motion to dismiss is granted in part and denied in part, and plaintiffs' motion for certification is denied.

### Background[1]

The plaintiffs are common stockholders in publicly traded, closed-end investment companies that are defendants in this lawsuit. These investment companies, the "Funds," include Nuveen Massachusetts Premium Income Municipal Fund ["Nuveen Massachusetts"], Nuveen Insured Municipal Opportunity Fund, Inc. ["Nuveen Insured"], Nuveen Insured Premium Income Municipal Fund, Inc. ["Nuveen Insured Premium"], Nuveen Premium Income Municipal Fund 2, Inc.

["Nuveen Premium 2"], Nuveen Insured Premium Income Municipal Fund 2 ["Nuveen Insured Premium 2"], and Nuveen Premium Income Municipal Fund 4, Inc. ["Nuveen Premium 4"]. The Funds are registered with the Securities and Exchange Commission. Their principal investment objective is to realize current income exempt from federal income taxation. The Funds increase the yield paid to common stockholders through the use of leverage. The Funds leverage by issuing senior securities in the form of "municipal auction rate cumulative preferred shares" ["PAPS"]. Such APS are sold through public offerings and pursuant to registration statements and related documents filed with the SEC. The dividend rate on each issue of APS is determined periodically on a fixed, short-term cycle by an auction process. The auction process normally results in a dividend rate on the APS approximately equal to short-term interest rates. In offering and selling the APS, the Funds use the APS to leverage their common stock.

Defendant Nuveen Advisory is the financial adviser for the Funds. Per agreement, on a periodic basis Nuveen Advisory is compensated a percentage of the net assets of the fund for which it serves as investment advisor. The net assets from which the percentage is calculated include all leveraging. The Funds also have agreements with an auction agent for the purpose of auctioning the APS. The auction agent in turn has agreements with broker-dealers, including John Nuveen and Co., Inc. ["John Nuveen"], pursuant to which the broker-dealers receive continuing revenues from the periodic remarketing of the Funds' APS.

Plaintiffs allege that the compensation agreements create a conflict of interest, because the defendants have a strong financial interest in keeping the Funds fully leveraged even if doing so would not be in the best interests of the stockholders. Counts one and two allege that the defendants violated sections 8(e), 34(b) and 36(a) of the ICA. Count three alleges that defendants violated § 36(b) of the ICA. Count four alleges com-

---

1. The background facts are taken from the complaint. When evaluating a motion to dismiss, I must assume that all well-pleaded factual allegations are true. *Prince v. Rescorp Realty*, 940 F.2d 1104, 1106 (7th Cir.1991).

mon law deceit, and count five alleges common law breach of fiduciary duty. Plaintiffs ask for damages and a permanent injunction.

*Motion to Dismiss Counts One and Two*

■ Sections 8(e), 34(b), and 36(a) of the ICA do not expressly provide for private rights of action, and neither the United States Supreme Court nor the Seventh Circuit has decided whether the ICA creates an implied right of action. Regardless of whether implied rights of action exist under the ICA, however, I agree with the defendants that the claims in counts one and two must be dismissed because they should have been pleaded derivatively. A derivative action permits a shareholder to bring a lawsuit belonging to the corporation against corporate officers and directors, as well as against third parties. *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 95, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991). Since all of the Funds that are defendants in this lawsuit are Massachusetts and Minnesota business organizations, Massachusetts and Minnesota law governs whether the plaintiffs' claims are direct or derivative. *See id.* at 108–09, 111 S.Ct. 1711 (stating that for claims under the ICA, federal courts should generally look to corporation law of the state where the investment company is incorporated).[2]

Under both Massachusetts and Minnesota law, a shareholder may not directly bring claims that belong to the corporation. *Arent v. Distribution Sciences, Inc.*, 975 F.2d 1370, 1372 (8th Cir.1992); *Bessette v. Bessette*, 385 Mass. 806, 434 N.E.2d 206, 208 (1982). To determine whether a claim belongs to the corporation, a court must inquire whether the shareholder's injury is distinct from the injury suffered generally by the shareholders as owners of corporate stock. *Arent*, 975 F.2d at 1372, *Jackson v. Stuhlfire*, 28 Mass. App.Ct. 924, 547 N.E.2d 1146, 1148 (1990);

*see also International Broad. Corp. v. Turner*, 734 F.Supp. 383, 392 (D.Minn.1990) ("[w]hether a claim is properly brought as an individual action rather than derivative turns on whether the claimant has suffered an injury distinct from one incurred by the corporation").

■ Count one of the complaint alleges that the Funds filed false, incomplete, and misleading registration statements and other filings with the SEC, and that Nuveen Advisory, John Nuveen, and the individual defendants aided and abetted the Funds in making such filings. Count two alleges a breach of fiduciary duty by the Funds in filing such statements and in entering into compensation arrangements with Nuveen Advisory that resulted in conflicts of interests between the Funds and other defendants. Count two also alleges that Nuveen Advisory, John Nuveen, and the individual defendants aided and abetted the Funds in such actions. Plaintiffs allege that as a result, they have

> suffered damages through their purchase of the common stock of such Funds, the payment by such Funds of compensation to Nuveen Advisory and the resulting conflict of interest to which Nuveen Advisory has been subject in its provision of investment advisory services to such Funds. (Compl.¶ 79, ¶ 83).

The complaint does not allege that the Funds' payment of the fees and the resulting conflict of interest caused the plaintiffs to suffer an injury distinct from any other common shareholder in the Funds.

The plaintiffs argue that nonetheless, their injury is unique for three reasons. First, plaintiffs argue that other courts have allowed direct actions for claims brought under the ICA. The cases cited by plaintiffs are distinguishable. In *In re ML–Lee Acquisi-*

---

**2.** Two of the Funds, Nuveen Massachusetts and Nuveen Insured Premium 2 (which has acquired Nuveen Insured Premium), are organized as Massachusetts business trusts rather than corporations. Courts applying Massachusetts law to shareholder suits against business trusts have uniformly required the shareholder to follow Massachusetts law regarding derivative suits. *See, e.g., Clairdale Enters., Inc. v. C.I. Realty Investors*, 423 F.Supp. 257 (S.D.N.Y.1976) (applying demand requirement to derivative suits involving Massachusetts business trusts); *Jones*

*v. Equitable Life Assurance Soc'y of the United States*, 409 F.Supp. 370 (S.D.N.Y.1975) (the same); *Greenspun v. Lindley*, 36 N.Y.2d 473, 369 N.Y.S.2d 123, 330 N.E.2d 79 (1975) (the same); *see also* 13 Am.Jur.2d Bus. Trusts § 105 (discussing derivative actions by shareholders of business trusts). The plaintiffs have not argued that I should distinguish between the corporations and the business trusts for the purposes of determining whether their claims are direct or derivative, and I do not find any reason to do so under Massachusetts law.

*tion Fund II, L.P.,* 848 F.Supp. 527 (D.Del. 1994), the court allowed the stockholders to maintain direct claims for violations of securities law. In addition to alleging such violations, however, the plaintiffs alleged "that the Defendants breached the partnership agreement with the individual investor Plaintiffs, and that each independent breach of contract resulted in a direct injury to each individual investor." *Id.* at 562. The plaintiffs also alleged that the defendants created the funds for the purpose of defrauding the plaintiffs. *Id.* In the case at bar, the complaint does not allege that the defendants breached a duty owed to the shareholders directly, as individuals. *See, e.g., Olesh v. Dreyfus Corp.,* 1995 WL 500491, at *7 (E.D.N.Y.1995) (noting that a suit is derivative in the absence of a "special relationship" between the shareholder and defendant that creates a duty beyond that owed to the corporation). The plaintiffs also cite *Dowling v. Narragansett Capital Corp.,* 735 F.Supp. 1105 (D.R.I.1990), in support of their argument. In *Dowling,* the defendants were controlling shareholders, and the court reasoned that if damages were only recoverable by the corporation in a derivative suit, the defendants "would reap much of the benefit from their alleged wrongdoing." *Id.* at 1113. Likewise, in *Langner v. Brown,* 913 F.Supp. 260 (S.D.N.Y.1996), the plaintiff was a minority shareholder. *Krinsk v. Fund Asset Management Inc.,* 654 F.Supp. 1227 (S.D.N.Y.1987), is also distinguishable. In *Krinsk,* the fees contested by the plaintiffs were annual service fees paid by all members of an organization, regardless of whether they were shareholders. *Id.* at 1234–35. The fees at issue were "[i]n no respect ... compensation paid by the Fund for services rendered to the Fund." *Id.* at 1235. In the case at bar, the complaint alleges that the advisory fees were paid by the Fund.

Second, plaintiffs argue that only the common shareholders were injured by the compensation scheme at issue. The complaint, however, does not allege that plaintiffs are minority shareholders. *Strougo v. Scudder, Stevens & Clark, Inc.,* 964 F.Supp. 783 (S.D.N.Y.1997), cited by plaintiffs, does not

support their argument. In *Strougo,* the court discussed numerous cases in which majority or controlling shareholders caused injuries unique to minority shareholders. *Id.* at 792–93. The court then dismissed the plaintiffs' claims, because, unlike the plaintiffs in the cases which the court had reviewed, the plaintiff in *Strougo* did not allege that he was a "minority shareholder whose ownership interest was diluted disproportionately to that of majority shareholders." *Id.* at 793. The complaint in the case at bar alleges that *all* of the common shareholders sustained the same injuries as a result of the compensation scheme. The existence of preferred shares, standing alone, does not render the common shareholders' injuries distinct from the Funds' injuries.

Third, plaintiffs argue that the value of their investment was diminished regardless of any loss to the Funds. The complaint alleges that the plaintiffs were harmed as common stockholders by the Funds' payment of certain fees to Nuveen Advisory, and by the resulting conflict of interest. Diminution in value of the common stock due to advisory fees paid by the Funds is an injury to the Funds, and any harm to the plaintiffs as common shareholders is derivative in nature. The plaintiffs cannot assert a direct class action claim for such injuries. Counts one and two are accordingly dismissed without prejudice.

### *Motion to Dismiss Count III*

■ Defendants argue that the complaint does not state a claim for relief under § 36(b) of the ICA.[3] According to defendants, the claim is defective because it fails to allege that the fees paid are excessive, because plaintiffs have not suffered damages within one year of filing the complaint, and because Nuveen Advisory is the only defendant that can be held liable.

### *A) Excessive Fees*

Section 36(b) of the ICA provides in relevant part:

---

**3.** Defendants acknowledge that a private right of action exists for § 36(b) claims, and that there is

not a demand requirement.

For the purposes of this subsection, the investment adviser of a registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services, or of payments of a material nature, paid by such registered investment company, or by the security holders thereof, to such investment adviser or any affiliated person of such investment adviser. 15 U.S.C. § 80a–35(b).

The complaint alleges that Nuveen Advisory breached a fiduciary duty with respect to compensation for services. Defendants argue that nonetheless, plaintiffs do not state a claim because they do not allege that the compensation is excessive. Citing *Galfand v. Chestnutt Corp.*, 545 F.2d 807 (2d Cir.1976), plaintiffs respond that § 36(b) is not expressly limited to excessive fee claims and includes claims based on allegations of inadequate disclosure concerning the nature of a fee agreement. In *Galfand*, the court noted that an investment adviser is under a duty of full disclosure and fairness where a potential conflict of interest exists between the investment adviser's interests and the fund's interests. *Id.* at 811–12. In addition, in a case very similar to the case at bar, a court found that an advisory fee arrangement which bases the adviser's compensation in part on the amount of preferred stock could create a conflict of interest in violation of the fiduciary duty set forth in § 36(b). *Green v. Fund Asset Management, L.P.*, 19 F.Supp.2d 227, 234–35 (D.N.J.1998).

The plain language of § 36(b)does not specify that the breach of fiduciary duty must relate to excessive compensation. Plaintiffs have adequately alleged that the compensation agreements create a conflict of interest breaching a fiduciary duty in violation of § 36(b). Defendants argue that nonetheless, such a compensation scheme is not unusual, and plaintiffs were not injured by the agreement. Determining whether defendants' arguments have merit would require looking beyond the pleadings at market circumstances and other economic factors. It is premature to dismiss the plaintiffs' § 36(b) claim at this time.

*B) Damages Within One Year*

■ Defendants also argue that plaintiffs' 36(b) claim should be dismissed because the plaintiffs did not suffer damages within one year of the filing of the complaint. Plaintiffs bringing a § 36(b) claim cannot recover damages "for any period prior to one year before their action was instituted." 15 U.S.C. § 80a–35(b)(3). In support of their argument, defendants point to a section of the complaint alleging that when interest rates were increasing between February 1994 and February 1995, the Funds' common stock suffered a greater decline than that which would have resulted if the leverage had been reduced or eliminated. Defendants argue that therefore any potential damages occurred more than one year before the complaint was filed.

Plaintiffs concede that the damages period extends back only one year before the action was filed, but argue that such a limitation provides no basis for dismissal of the claim. I agree. The complaint alleges that as a result of defendants' acts, plaintiffs have suffered damages. Assuming that the allegations are true, as a result of the defendants' failure to deleverage during the 1994–95 time period the net asset value of the Funds' common stock has suffered a substantially greater decline than otherwise would have resulted. The complaint does not allege that those damages occurred only prior to June 1995. Whether the plaintiffs actually suffered damages within one year prior to the filing of the complaint is a factual question not appropriate for consideration on a motion to dismiss.

*C) Affiliated Persons*

■ Defendants argue that Nuveen Advisory is the only defendant potentially liable for a § 36(b) violation. Section 36(b) provides in relevant part:

An action may be brought under this subsection by the Commission, or by a security holder of such registered investment company on behalf of such company, against such investment adviser, or any affiliated person of such investment adviser, or any other person enumerated in subsection (a) of this section who has a fiduciary duty concerning such compensation or payments, for breach of fiduciary duty in respect of such compensation or payments paid by such registered investment company or by the security holders

thereof to such investment adviser or person. 15 U.S.C. § 80a–35(b)

However, "[n]o such action shall be brought or maintained against any person other than the recipient of such compensation or payments, and no damages or other relief shall be granted against any person other than the recipient of such compensation or payments." 15 U.S.C. § 80(a)–35(b)(3).

Defendants argue that Nuveen Advisory is the only defendant potentially liable under § 36(b) because it is the only defendant that plaintiffs allege received compensation for advisory services. Plaintiffs respond that the remaining defendants can be held liable because they are affiliated persons or other persons who received payments within the meaning of § 36(b). The complaint alleges that Nuveen Advisory is a wholly owned subsidiary of John Nuveen. An "affiliated person" under § 36(b) includes "any person directly or indirectly controlling ... such other person...." 15 U.S.C. § 80a–2(a)(3). The complaint does not, however, allege that John Nuveen received compensation for advisory services. Instead, it alleges that John Nuveen received compensation with respect to all shares of APS sold to it or continued to be held by it as a result of a sale in an earlier auction. This compensation is pursuant to an agreement between John Nuveen and an auction agent.

Defendants argue that other courts have held it is outside the language and intent of § 36(b) to hold liable affiliated persons where the complaint does not allege that those persons received compensation for advisory services. In *In re TCW/DW N. Am. Gov't Income Trust Sec. Litig.*, 941 F.Supp. 326, 343 (S.D.N.Y.1996), the court held that the principal underwriters of an investment advisory firm could not be held liable where the complaint did not allege that those underwriters received compensation for advisory services, although they did receive other fees. A case on which *In re TCW* relies, *Halligan v. Standard & Poor's/Intercapital, Inc.*, 434 F.Supp. 1082 (E.D.N.Y.1977), draws its conclusion from a Senate Report. In the Report, the Senate Committee on Banking and Currency explained that § 36(b) provides a remedy "if the investment adviser should try to evade liability by arranging for payments to be made not to the adviser itself but to an affiliated person of the adviser." S.Rep. No. 91–184 (1970), *reprinted in* 1970 U.S.C.C.A.N. 4897.

Count three alleges that Nuveen Advisory breached a fiduciary duty by entering into compensation agreements for its advisory services that create a conflict of interest, and that John Nuveen is liable as an affiliated person of Nuveen Advisory. The complaint also alleges that John Nuveen received compensation with respect to all shares of APS sold to it by a broker-dealer, or held by it as a result of a sale in an earlier auction. (Compl.¶ 35). The complaint does not, however, allege that John Nuveen received payments from the Funds or its shareholders, or that Nuveen Advisory arranged for compensation to be paid to John Nuveen. Section 36(b) provides a remedy for breach of fiduciary duty with respect to payments made by the investment company or its security holders. 15 U.S.C. § 80a–35(b). Although John Nuveen is an affiliated person, I agree with defendants that the service fees it receives are not payments of a material nature within the meaning of § 36(b). Therefore John Nuveen cannot be held liable under § 36(b).

Defendants also argue that the named, individual defendants cannot be held liable under § 36(b). The individual defendants in this case, Richard J. Franke and Donald E. Sveen, are directors of Nuveen Advisory as well as the Funds. An action under § 36(b) may be brought against affiliated persons of the investment adviser. 15 U.S.C. § 80(a)–35(b). Affiliated persons include directors. 15 U.S.C. § 80a–2(a)(3). The complaint, however, does not allege that the individual defendants received compensation for services or other payments of a material nature by the Funds or their shareholders, as is required for liability under § 36(b). Therefore defendants' motion to dismiss count three is granted as to John Nuveen and individual defendants, and is denied as to Nuveen Advisory.

*Motion to Dismiss Count Four and Five*

■ Counts four and five allege common law claims of deceit and breach of fiduciary duty. As in counts one and two, the plaintiffs allege in counts three and four that they have suffered damages as common stockholders due to the payment of advisory fees by

the Funds to their investment adviser and the resulting conflict of interest. (Comp. ¶ 94, ¶ 99). For the reasons discussed above regarding counts one and two, counts four and five should have been brought as derivative claims. The complaint does not allege that the plaintiffs are minority shareholders or that defendants owe a duty to the plaintiffs different than the duty owed to all of the common stockholders. In addition, the only injuries alleged are the payment of the advisory compensation by the Funds and the diminution in value of the common stock. Any resulting injuries to the plaintiffs are derivative in nature. Therefore counts four and five are dismissed without prejudice.

### Motion for Class Certification

#### A) Class Certification on Counts One, Two, Four, and Five

■ The plaintiffs move to certify a plaintiff class and a defendant class. Since plaintiffs cannot bring direct claims in counts one, two, four, and five, they also cannot bring those claims as class representatives. "In short, a predicate to a party's right to represent a class is his eligibility to sue in his own right." *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 499 (7th Cir.1972). The plaintiffs' motion to certify a plaintiff and defendant class with respect to counts one, two, four, and five is denied on this ground.

#### B) Class Certification on Count Three

Plaintiffs move for certification of a class including any person or entity who purchased shares in the Funds during the period of the statute of limitations, as well as in all other funds promoted or managed by Nuveen Advisory or John Nuveen that include the amount of APS leveraging in compensation of the fund's investment adviser. Pursuant to 15 U.S.C. § 80a–35(b), plaintiffs do not have standing to bring a § 36(b) claim on behalf of investment companies other than the Funds in which they are security holders, and therefore plaintiffs cannot represent a class for any funds other than the named defendants. In addition, a defendant class will not be certified, since Nuveen Advisory is the only potentially liable defendant.

To obtain class certification, the plaintiffs must satisfy the four requirements in Fed.

R.Civ.P. 23(a), and one of the requirements found in Fed.R.Civ.P. 23(b). It is unnecessary to consider whether the plaintiffs have met their burden with respect to Rule 23(a), for they have not met their burden with respect to Rule 23(b). Rule 23(b)(3), the section on which plaintiffs rely, requires that a class action is superior to other forms of adjudication. Plaintiffs have not shown that a class action is superior to other forms of adjudication.

Certification of a class is not necessary for full recovery by the plaintiffs on behalf of the Funds. A shareholder brings an action under § 36(b) on behalf of an investment company. Accordingly, "[a]ny recovery obtained in a § 36(b) action will go to the company rather than the plaintiff." *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 535 n. 11, 104 S.Ct. 831, 78 L.Ed.2d 645 (1984). Recovery of damages resulting from the breach of fiduciary duty cannot exceed the amount of compensation paid by the investment company during a period not prior to one year before the action was commenced. 15 U.S.C. § 80a–35(b)(3). Thus regardless of whether plaintiffs' proposed class is certified, the plaintiffs can recover only on behalf of the Funds, and at most the amount of compensation paid to Nuveen Advisory within a year prior to the date this lawsuit was filed. Plaintiffs' proposed class would not result in a class action "superior to other available methods for the fair and efficient adjudication" of their § 36(b) claim. Fed.R.Civ.P. 23(b). Therefore plaintiffs' motion for class certification is denied.

### Conclusion

For the reasons discussed above, counts one, two, four, and five should have been brought as derivative claims and are accordingly dismissed without prejudice. The motion to dismiss plaintiffs' 36(b) claim under the ICA is denied with respect to Nuveen Advisory and granted with respect to all other defendants. In addition, plaintiffs' motion to certify a plaintiff class and a defendant class is denied.