**Sheldon KRANTZ, Plaintiff,**

v.

**PRUDENTIAL INVESTMENTS FUND MANAGEMENT LLC and Prudential Investment Management Services LLC, Defendants.**

**No. 98–3722 (KSH).**

United States District Court, D. New Jersey.

July 30, 1999.

James Bashian, Law Office of James V. Bashian, Fairfield, NJ, for Sheldon Krantz, plaintiff.

Herbert Jay Stern, Stern & Greenberg, Roseland, NJ, for Prudential Investments Fund Management LLC, defendants.

## ORDER

HAYDEN, District Judge.

This Court having referred defendants' motion to dismiss the plaintiff's complaint to the Honorable Ronald J. Hedges, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B); the Court having reviewed *de novo* the Report and Recommendation of June 10, 1999; the Court having considered plaintiffs' objections to the Report as well as defendants' response to plaintiff's objections; and the Court concluding that plaintiff should not be granted a second leave to amend the complaint when plaintiff was on notice of the complaint's deficiencies and failed to rectify them with his first amendment;

It is this 30th day of July, 1999

**ORDERED** that the defendants' motion to dismiss the complaint is **granted;** and it is further

**ORDERED** that the Report and Recommendation of the United States Magistrate Judge is adopted and incorporated as the Opinion of this Court.

## REPORT AND RECOMMENDATION

HEDGES, United States Magistrate Judge.

### *INTRODUCTION*

This matter comes before me on defendants' motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The motion was referred to me by Judge Hayden. I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

### *STATEMENT OF FACTS*

Plaintiff, a shareholder of the Prudential Jennison Growth Fund (the "Fund"), brought this action pursuant to Section 36(b) of the Investment Company Act of 1940, as amended (the "ICA"), 15 U.S.C. § 80a–35(b). The Fund is a registered "investment company" within the meaning of the ICA. The defendants are Prudential Investments Fund Management LLC, the investment adviser to the Fund (the "Adviser"), and Prudential Investment Management Services LLC, the Fund's principal underwriter (the "Distributor"). The Distributor is a Delaware limited liability company and an affiliate of the Adviser. The Adviser's principal offices are located in Newark, New Jersey.

The original Complaint was filed on August 7, 1998. Defendants moved to dismiss on October 23, 1998. In response, plaintiff filed an Amended Complaint on December 10, 1998. The Amended Complaint contains a single claim for relief under Section 36(b) of the ICA, 15 U.S.C. § 80a–35(b). ICA Section 36(b) provides that an investment adviser has "a fiduciary duty with respect of the receipt of compen-

sation. . . ." 15 U.S.C. § 80a–35(b). Section 36(b) also provides for a private cause of action by a shareholder against the investment adviser and principal underwriter "for breach of fiduciary duty in respect of . . . compensation" paid by a fund. 15 U.S.C. § 80a–35(b). The Amended Complaint seeks to recover all of the fees paid by the Fund to its investment Adviser and Distributor pursuant to management and distribution agreements (the "Agreements"), which were allegedly entered into in violation of Section 15(c), of the ICA, 15 U.S.C. § 80a–15(c).

Section 10(a) of the ICA, 15 U.S.C. § 80a–10(a), mandates that at least 40% of the members of the governing board of every registered investment company not be "interested persons," *i.e.,* they must be independent to the investment adviser. Such directors are generally referred to as independent directors. Section 15(c), 15 U.S.C. § 80a–15(c), further mandates that every agreement with an investment adviser or distributor be approved by a majority of the independent directors.

The Amended Complaint alleges that *none* of the members of the Fund board are independent, as required by ICA Section 10(a), 15 U.S.C. § 80a–10(a). As a result, plaintiff contends, the Agreements could not be properly approved as required by ICA Section 15(c), 15 U.S.C. § 80a–15(c). Consequently, by reason of their receipt of funds from invalid Agreements, defendants have breached their fiduciary duty to negotiate at arm's-length. 15 U.S.C. § 80a–35(b). Accordingly, plaintiff seeks judgement: (1) declaring that defendant violated Sections 10(a), 15(c), and 36(b) of the ICA and that the Agreements are void; (2) awarding damages against defendants, including return of all fees paid to it by each of the Funds as well as related relief; and (3) providing any other relief deemed just and proper.

Specifically, the Complaint alleges that the Fund's board of directors consists of 11 members, three of whom are admittedly interested by reason of their employment.

The remaining eight directors are not employed by the Adviser, but serve on multiple boards of the funds managed by the Adviser or its affiliates (the "Fund Complex") and receive substantial compensation therefrom (as high as $135,000). Some also accrued substantial deferred compensation (as high as $143,909). As a result, 40% of the Fund's board is not disinterested, as required by ICA Section 10(a), 15 U.S.C. § 80a–10(a), and approval of the Fund's agreements with defendants violated Section 15(c), 15 U.S.C. § 80a–15(c). Such failure to negotiate at arm's-length violates Section 36(b), 15 U.S.C. § 80a–35(b).

Plaintiff also alleges that in addition to violating Section 36(b) by virtue of subverting the independence requirement, the defendants violated Section 36(b) because their adviser-manager's fee were so disproportionately large that it amounted to a breach of fiduciary duty in violation of § 36(b). *Gartenberg v. Merrill Lynch Asset Management, Inc.*, 694 F.2d 923, 930 (2d Cir.1982), *cert. denied*, 461 U.S. 906, 103 S.Ct. 1877, 76 L.Ed.2d 808 (1983). In this respect, the Amended Complaint describes the widespread criticism of fees paid by mutual funds to their advisers and the advisers' affiliates. These criticisms have been leveled by the Chairman of the SEC, industry analysts, and industry insiders.

Defendants contend that: (1) plaintiff lacks standing since he has failed to allege damages in accordance with Article III of the Constitution, (2) Section 36(b) is limited to actions alleging excessive compensation and the pleadings as now written are insufficiently particular with respect those allegations, and (3) the Fund's directors are disinterested as a matter of law.

Plaintiff argues that: (1) plaintiff has standing since he is a stockholder of the Fund and nothing else is required, (2) Section 36(b) is not limited to actions alleging excessive fees and even if Section 36(b) can be deemed so limited, the Amended Complaint adequately alleges excessive fees; and (3) they so dominated the Fund's board of directors that less than 40% of the board could be deemed "disinterested." Plaintiff also argues that there are additional "facts" that he can add to the Amended Complaint as now written.

## Discussion

█ When reviewing a motion to dismiss under Rule 12(b)(6), all material allegations of the complaint are accepted as true the complaint must be construed in favor of the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint. *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994). A court should allow a plaintiff to amend a complaint instead of dismissing it where "a more carefully drafted complaint might state a claim upon which relief could be granted." *Green v. Fund Asset Management, L.P.*, 19 F.Supp.2d 227, 230 (D.N.J.1998) (*quoting Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir.1985)).

### I.

*The Amended Complaint fails to allege that the independent directors are "interested persons" under the ICA.*

█ Claims brought under the ICA are particularly appropriate for dismissal for failure to state a claim under Rule 12(b)(6). As one court recently observed: "[T]he law in this area imposes a large number of threshold determinations before litigation on the merits of a case may commence. The common law and the ICA explicitly and implicitly regulate who may bring a claim and upon what grounds." *Olesh v. Dreyfus Corp.*, 1995 WL 500491, at *11 (E.D.N.Y. Aug. 8, 1995). The Amended Complaint fails to meet the required "threshold" determinations.

Under the ICA, at least 40% of a mutual fund's board of directors must be indepen-

dent, *i.e.*, not "interested" in the fund's investment adviser. 15 U.S.C. § 80a–10(a). The ICA defines an "interested person" to mean one of six enumerated categories, 15 U.S.C. § 80a–2(a)(19), including any "affiliated person" of the investment adviser. 15 U.S.C. § 80a–2(a)(19)(b)(I). An "affiliated person", in turn, is defined to include a person or entity "controlled by" another person. 15 U.S.C. § 80a–2(a)(3). The ICA defines "control" as "the power to exercise a controlling influence over the management or policies of a company." 15 U.S.C. § 80a–2(a)(9).

Plaintiff's burden to plead facts that state a claim, rather than mere legal conclusions, is heightened here by the statutory presumption against his claim. As set forth in defendants' moving brief, the ICA expressly provides that "[a] natural person shall be presumed *not* to be a controlled person within the meaning of [the Act]." 15 U.S.C. § 80a–2(a)(9) (emphasis added). "The burden of overturning the presumption against control of a natural person is not one that will be lightly assumed or easily carried to success." *Acampora v. Birkland*, 220 F.Supp. 527, 543 (D.Colo. 1963) (*quoting In the Matter of Fundamental Investors, Inc.*, Investment Co.Act. Rel. # 3596).

Rule 8 of the Federal Rules of Civil Procedure further requires that in a pleading, "facts must be stated, rather than legal conclusions unsupported by facts,...." Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure;* § 1216 at 152 (2d ed 1990). A complaint's "bald assertions" or "legal conclusions" do not need to be credited when deciding a motion to dismiss. *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir.1997).

With the presumption that the non-employee directors are not "controlled" and Rule 8's prohibition against pleading legal conclusions, in mind, does the Amended Complaint allege adequate facts? A careful review reveals that it is almost completely devoid of allegations, conclusory or otherwise, that the directors are in fact controlled by any defendant. Plaintiff charges that the independent directors of the Fund are controlled by Prudential—and therefore "interested"—solely because they serve on multiple funds managed by Prudential, for which they receive between $1,000 and $7,500 per fund, for aggregate compensation ranging between $45,000 and $135,000 per year. Paragraph 28 sets forth a table of the compensation received by each of the non-employee directors. The table is supplemented by paragraph 29:

> The excessive number of boards upon which the Fund's directors serve and concomitant assembly-line, truncated board meetings, effectively prevents them from being able to fulfill their statutory role as watchdogs for the public investors. Rather, the Fund's board is effectively controlled by the Adviser and its affiliates and merely rubber-stamps proposals of defendants. As a result, each of the directors is an 'interested person' within the meaning of ICA Sections 2(a)(3), 2(a)(19)(A)(I), and 2(a)(19)(B)(I).

These conclusory assertions are not supported by any other allegation. The Amended Complaint does not allege a single instance where defendants' alleged "truncated board meeting" invoked a course of action which prejudiced the shareholders of the funds and should have been resisted by the independent directors. Nor is a single instance alleged in which a proposal was "rubber-stamped" without an informed decision.

The only factual allegation plaintiff does include in the Amended Complaint—that the Fund's directors serve on boards of multiple funds for which they receive significant compensation—fails to state a claim for relief. Courts have unanimously held so. In *Verkouteren v. Blackrock Fin. Management, Inc.*, 37 F.Supp.2d 256 (S.D.N.Y.1999), the court dismissed a complaint filed by the same firm that represents plaintiff here and which was virtually identical to the complaint filed in this ac-

tion. In *Verkouteren*, the plaintiff alleged that the defendants violated Section 36(b) because the investment advisory contracts were approved by directors who sat on over twenty fund boards for which they received between $140,000 and $160,000 in aggregate compensation. The court concluded that plaintiff's bare allegation that the directors served on multiple boards for substantial compensation was insufficient to plead domination. *Verkouteren*, at 260–61.

In *Migdal v. Rowe Price–Fleming*, No. AMD–98–2162, 1999 WL 104795, slip. op. (D.Md. Jan. 20, 1999), the court held that plaintiff's complaint—again, drafted by plaintiff's counsel here and nearly identical to the complaint here—failed to state a claim under Section 36(b). Similarly, in *Strougo v. BEA Associates*, No. 98 Civ. 3725, 1999 WL 147737 (S.D.N.Y. March 18, 1999), Judge Sweet dismissed another complaint filed by plaintiff's counsel here for failure to state a claim pursuant to Rule 12(b)(6).

Yet another opinion, in *Olesh v. Dreyfus Corp.*, 1995 WL 500491 (E.D.N.Y. Aug. 8, 1995), dismissed a complaint at the pleading stage which alleged that service on multiple boards for substantial compensation rendered directors "controlled" under Section 2(a)(9) of the ICA. The plaintiffs alleged that the directors of the Dreyfus funds were "interested" under the ICA solely because (I) they sat on boards of over fifteen Dreyfus funds and (ii) received over $50,000 annually in compensation for their services. *Id.* at *11. The court held that these allegations failed to plead facts sufficient to demonstrate that directors were "controlled" under § 2(a)(19) and § 2(a)(9)[1]. *Id.* at *16. The court ruled that the plaintiffs were required to present evidence establishing "actual domination and operation." *Id.* Mere influence would fall short of this level of proof.

The ICA's legislative history confirms that Congress did not intend for multiple board membership, standing alone, to compromise a director's independence. H.R.Rep. No. 91–1382 (Aug. 7, 1970) at 15; S.Rep. No. 910184 (May 21, 1969) *reprinted in* 1970 U.S.C.C.A.N. 4897, 4929. In view of the legislative history, the statutory presumption and the prohibition against pleading legal conclusions, plaintiff's general allegations that the Fund's outside directors are "controlled" by Prudential are inadequate. *See Olesh*, 1995 WL 500491, at *16.[2]

## II.

*Plaintiff fails to plead facts demonstrating that the fund paid excessive fees in violation of Section 36(b).*

Plaintiff contends that he need not allege that the Fund paid Prudential "excessive" fees to state a claim under 36(b), 15 U.S.C. § 80a–35(b), citing *Green, et al. v. Fund Asset Management, L.P., at al.*, 19 F.Supp.2d 227, 234–35 (D.N.J.1998). Defendants maintain that plaintiff must allege that the compensation which has actually been paid to them was excessive or disproportionate. They note that the Second Circuit Court of Appeals has held that a plaintiff must establish that an advisory fee is "so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's length bargaining" in order to prevail under Section 36(b). *Gartenberg, supra*, 694 F.2d at 928; *see Krinsk v. Fund Asset Management, Inc.*, 875 F.2d 404 (2d Cir.1989).

Plaintiff argues that Section 36(b) has not been "amended" by the Second Circuit in *Gartenberg* by limiting it to actions alleging excessive fees and that, even if Section 36(b) can be deemed so limited, the Amended Complaint adequately alleges ex-

**1.** Plaintiff attempts to distinguish *Olesh* by claiming it has little relevance. However, for purposes of this motion, the court's control analysis of Section 2(a)(9) is directly on point.

**2.** Defendants request this Court to hold as a matter of law that Fund directors who serve on multiple boards for which they receive substantial compensation fails to state a claim under Rule 12(b)(6). I decline to do so.

cessive fees. Plaintiff cites *Green*, in which Judge Debevoise stated:

> Section 36(b) of the ICA is not expressly limited to situations in which the advisory fees received by an investment adviser were excessive disproportionate or otherwise unreasonable. The statute encompasses the receipt of fees by an investment adviser in violation of the adviser's fiduciary duty, as it provides that '[n]o action shall be brought or maintained against any person other than the recipient of such compensation or payments.' 15 U.S.C.A. § 80a–35(3). [19 F.Supp.2d at 234–35].

Judge Debevoise explained that when fees are collected in breach of fiduciary duty in violation of Section 36(b), "[i]t would flow that such fees were excessive and recoverable to the extent permitted under that Section." *Id.* at 235 [3]. *See also Green v. Nuveen Advisory Corp.*, 186 F.R.D. 486, 490 (N.D.Ill.1999) ("holding that compensation received while acting in breach of fiduciary duty violates" Section 36(b)).

■ I agree that receipt of compensation while breaching a fiduciary duty violates Section 36(b), 15 U.S.C. § 80a–35(b). Plaintiff argues that since none of the members of the Fund board are independent, their Agreements could not be properly approved as required by ICA Section 15(c), 15 U.S.C. § 80a–15(c). Hence, receipt of funds from invalid Agreements breaches their fiduciary duty of ICA Section 36(b), 15 U.S.C. § 80a–35(b). However, the Amended Complaint does not sufficiently allege that the non-employee directors were "interested." Plaintiff's conclusion that a fiduciary breach necessarily flows from the invalid Agreements must therefore fail.

■ Plaintiff's second argument, that the Amended Complaint adequately alleges excessive fees, is also without merit. In *Krinsk*, the court noted six factors to be considered when determining whether fees are "excessively" large. *Krinsk, supra*,

875 F.2d at 409. Those are the nature and quality of the service, the extent to which economies of scale are realized, the performance of the fund, the fees charged by other advisers, and the independence and conscientiousness of the trustees. *Id.* (*citing Gartenberg, supra*, 694 F.2d at 929–30). The Amended Complaint only addresses the last factor (the mooted "independence" factor).

■ As pleaded, the Amended Complaint fails to allege how the fees were excessive in light of the factors articulated in *Krinsk*. *Krinsk*, 875 F.2d at 409. It simply characterizes all the fees as "excessive," without pleading any facts that, if true, would demonstrate that the fee is "so disproportionately large that it bears no reasonable relationship to the services rendered." *Id.*

### III.

#### *Justiciable Controversy.*

■ Defendant also alleges that plaintiff lacks standing since he has failed to allege damages in accordance with Article III. Plaintiff argues that he meets the standing requirements of Section 36(b) because he is a stockholder of the Fund and nothing else is required. However, in the context of the ICA, plaintiff must allege enough facts to show that the violations caused some sort of damages. *Seidel v. Lee*, 954 F.Supp. 810, 818 (D.Del.1996). Plaintiff's argument that simply owning shares of the Fund confers standing upon himself, fails to grasp the distinction between statutory standing and constitutional standing. Satisfying the Article III "case or controversy" requirement is the irreducible constitutional minimum of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

In the context of this case, a properly pleaded Amended Complaint would allege facts sufficient to establish injury. By def-

---

**3.** Judge Debevoise clarified this holding by stating, "[o]f course, when fees are excessive or disproportionate to the services rendered, this clearly gives rise to a claim for breach of fiduciary duty under Section 36(b)". *19 F.Supp.2d* at 235 n. 11.

inition, a violation of Section 36(b) encompasses excessive payments to the fund's advisers. These payments belong to the plaintiff via the Fund. As such, damages would be implicit in a properly pleaded Amended Complaint. However, plaintiff here has failed to properly plead his Amended Complaint, and, as such, the complaint should be dismissed.

### CONCLUSION

For the reasons set forth above, I recommend that plaintiff's Amended Complaint be dismissed.

June 10, 1999.